UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ODRAYONA WARD,**

    **Plaintiff,**

v.                                        Case No.:

**TINY TEETH OF TALLY, PLLC**
**and ASTRID GONZALEZ,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Odrayona Ward, sues Defendants, Tiny Teeth of Tally, PLLC, and Astrid Gonzalez (collectively referred to as "Defendants"), and alleges:

### NATURE OF THE ACTION

1. This is an action for unpaid overtime compensation, compensatory damages, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### PARTIES AND JURISDICTION

2. Plaintiff is an individual who was employed by Defendants in Leon County, Florida.

3. Defendant Tiny Teeth of Tally, PLLC ("Tiny Teeth"), is a Florida for-profit limited liability company doing business in Leon County, Florida, and is subject to the jurisdiction of this Court.

4. Defendant Astrid Gonzalez ("Gonzalez) is the sole owner and operator of Tiny Teeth of Tally, PLLC, resides and does business in Leon County, Florida, and is subject to the jurisdiction of this Court.

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Leon County, Florida.

## ALLEGATIONS OF FACT

7. Defendants are engaged in the business of dental care and services to the public.

8. Plaintiff was employed by Defendants in Leon County, Florida, as an office manager and expanded functions dental assistant from October 31, 2017 to May 10, 2019, when she was fired by Defendants.

9. Tiny Teeth is an employer of Plaintiff within the meaning of the FLSA and, at all times material to this case, was an enterprise engaged in commerce or in the production of goods for commerce in that it has

employees engaged in commerce or in the production of goods for commerce and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce throughout the nation, and it has an annual gross sales volume of sales made or business done that exceeds $500,000.

10. Gonzalez is an employer of Plaintiff within the meaning of the FLSA because, at all times material case, she exercised complete operational control over all of the day-to-day operations of Tiny Teeth and all aspects of the Plaintiff's employment, including, but not limited to, her compensation.

11. At all time during his employment, Plaintiff was an employee of the Defendants within the meaning of the FLSA and, while so employed, was engaged in commerce or in the production of goods for commerce in that she, among other things, regularly and recurrently engaged in interstate travel and communication in the performance of her duties and responsibilities as an employee of the Defendants.

12. Up to the time she was fired, Plaintiff worked in excess of 40 hours in a workweek on numerous occasions while employed by the Defendants and was not paid at the overtime rate of one and one-half her regular rate of pay for such hours.

13. On April 12, 2019, Gonzalez told Plaintiff that her lawyer said she had to pay overtime to her employees, including Plaintiff, and told Plaintiff she would get back to Plaintiff about the number of hours Plaintiff was owed.

14. On April 26, Plaintiff provided with the number of hours she believed she was due as unpaid overtime. On April 30, Gonzalez told Plaintiff that she wanted Plaintiff to recalculate her hours because she said Plaintiff and others had been clocking out for lunch. Plaintiff confirmed she was not counting hours for lunch for which she was not clocked out. Gonzalez then said she thought Plaintiff may have more overtime hours and wanted Plaintiff to go back through her timesheets and recalculate it. Plaintiff did so and on May 7 sent Gonzalez her re-calculation.

15. Two days later on May 9, Gonzalez called Plaintiff into her office and said she had major discrepancies with the time Plaintiff had calculated. Plaintiff asked Gonzalez what she thought Plaintiff was owed and Gonzalez said she didn't know. Plaintiff became upset and asked Gonzalez for a leave of absence form like she's seen Gonzalez give to another employee a week earlier. Gonzalez then became upset and told Plaintiff to go home and get her computer and documents and bring them back to the office and they would calculate the time together. Plaintiff told

Gonzalez that it sounded like Gonzalez was going to pay Plaintiff whatever she wanted to pay her regardless of what Plaintiff said. Gonzalez said didn't believe she had to pay Plaintiff for time neither she nor Plaintiff knew Plaintiff had to be paid for. Plaintiff left work.

16. Plaintiff returned to work the next morning May 10. Gonzalez greeted her by saying that she did not think Plaintiff was coming to work that day. Plaintiff told she was and had said so in an email to Gonzalez sent the previous evening. Gonzalez pulled the email up on her cell phone and began reading it. She asked Plaintiff several questions about her overtime calculations and was upset that Plaintiff had submitted text messages showing Gonzalez requesting her to work after hours. Gonzalez said she would not pay Plaintiff for the time worked at home because she wasn't going to pay Plaintiff a "consultation fee." Gonzalez finished reading the email and then was silent. Plaintiff began walking to her work station and Gonzalez told her that "this is the end," that she was going to write her up for not returning back to work the previous day, and that Plaintiff could submit the hours she felt she was owed but that Gonzalez would go through ever hour "with a fine toothed comb." Gonzalez then presented Plaintiff with a write-up terminating her employment.

## COUNT I
### Unpaid Overtime under 29 U.S.C. § 207

17. Plaintiff restates and incorporates herein the allegations in paragraphs numbered 1-16 above.

18. Section 207(a)(1) of the FLSA prohibits an employer from employing its employees for a workweek longer than 40 hours, unless such employee receives compensation for all the hours she is employed in excess of 40 hours at a rate not less than one and one-half times her regular rate of pay.

19. The Defendants have employed Plaintiff in excess of 40 hours in a workweek, did not pay her at a rate of one and one-half times her regular rate of pay for all the hours worked in excess of 40 hours in a workweek, and thus have violated § 207 of the FLSA.

20. As a consequence of the Defendants' violation of the FLSA, Plaintiff is entitled to one and one-half times her regular rate of pay for all hours she worked in excess of 40 hours for each week she was employed by the Defendants.

21. Plaintiff is also entitled to recover liquidated damages in an equal amount to the overtime she was not paid.

22. The actions of Talcon complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

23. Plaintiff has had to retain counsel to enforce his rights under the FLSA and is entitled to recover his attorneys' fees and costs connected with this action.

## COUNT II
### Retaliation under 29 U.S.C. § 215

24. Plaintiff restates and incorporates herein the allegations in paragraphs numbered 1-16 above.

25. Section 215(a)(3) prohibits an employer from retaliating or otherwise discriminating against an employee because the employee has complained about the employer's violation of his rights under the FLSA.

26. Plaintiff complained to the Defendants regarding her right to be paid overtime.

27. The Defendants fired Plaintiff because of her complaint.

28. As a consequence of the Defendants' violation of the FLSA, Plaintiff is entitled to compensatory damages, including lost wages and damages for emotional distress and mental anguish, as well as liquidated damages in an equal amount.

29. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

30. Plaintiff has had to retain counsel to enforce her rights under the FLSA and is entitled to recover her attorney's fees and costs connected

with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that this Court:

A.  Enter a judgment awarding Plaintiff unpaid overtime compensation and an additional equal amount as liquidated damages;

B.  Enter a judgment awarding Plaintiff compensatory damages and an equal amount as liquidated damages;

C.  Enter judgment awarding Plaintiff her reasonable attorneys' fees and costs; and

D.  Grant such other relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims so triable.

s/John C. Davis<br>
JOHN C. DAVIS<br>
Florida. Bar No. 827770<br>
Law Office of John C. Davis<br>
623 Beard Street<br>
Tallahassee, FL 32303<br>
(850) 222-4770<br>
(850) 222-3119 (fax)<br>
john@johndavislaw.net<br>
Attorney for Plaintiff